UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ARMADILLO DISTRIBUTION
ENTERPRISES, INC., et al.,**

    **Plaintiffs,**

v.                                                      **Case No. 8:21-cv-2025-SDM-AAS**

**IN DIME WE TRUST, RLT,
et al.,**

    **Defendants.**
_____/

## ORDER

Defendants In Dime We Trust, RLT and Rita Haney (collectively, the defendants) move for leave to file the April 20, 2009, License/Settlement Agreement, between Dean Zelinsky and Armadillo Distribution Enterprises, Inc., and its affiliates, utilized in the Opposition to Plaintiffs' Motion for Leave to Amend the Complaint (the Agreement) under seal. (Doc. 51). Plaintiffs Armadillo Distribution Enterprises, Inc. and Concordia Investment Partners, LLC (collectively, the plaintiffs) do not oppose the defendants' motion. (*Id.*, p. 6).

The public has a common-law right of access to judicial proceedings, which includes the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d

1

1304, 1311 (11th Cir. 2001). But the right to inspect is not absolute. In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, the court considers these factors:

(1) whether allowing access would impair court functions or harm legitimate privacy interests;

(2) the degree and likelihood of injury if made public;

(3) the reliability of the information;

(4) whether there will be an opportunity to respond to the information;

(5) whether the information concerns public officials or public concerns; and

(6) the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

First, allowing public access to the Agreement would harm legitimate privacy interests. The parties have a legitimate interest in protecting payments and other information contained in the Agreement. If the terms of the Agreement were made public, the parties to the Agreement would be at a competitive disadvantage. Second, the likelihood of injury if the Agreement is made public is certain because third parties will be able to utilize this information to the detriment of the plaintiffs and other parties.

The Agreement is also referenced by all parties throughout this

litigation, and a dispute likely will not arise about the reliability or authenticity of the Agreement. The plaintiffs do not object to this motion to seal. Finally, the information in the Agreement does not concern public officials or public concerns.

Accordingly, the defendants' motions for leave to file the agreement under seal (Doc. 51) is **GRANTED**. This seal expires ninety days after the case is closed and all appeals are exhausted.

**ORDERED** in Tampa, Florida on March 26, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge